UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALBERTO PAREJA, LORENZO ESPINDOLA, and RIGOBERTO JUAREZ GALINDO, *individually and on behalf of others similarly situated,*<br><br>                               *Plaintiffs,*<br><br>    -against-<br><br>THAI NUM SOUP INC. (d/b/a THAI SOUP) and WACHARA NITTAYAROT (A.K.A. JAKI),<br><br>                               *Defendants.* | Case No. 17-cv-05579-ER<br><br>**SETTLEMENT AGREEMENT<br>AND<br><u>RELEASE</u>** |

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and among Plaintiffs Alberto Pareja, Lorenzo Espindola, and Rigoberto Juarez Galindo ("Plaintiffs") on the one hand, Thai Num Soup Inc. (d/b/a Thai Soup) and Wachara Nittayarot (a.k.a. Jaki) (the "Individual Defendants") (collectively the Defendant Corporation and the Individual Defendants are the "Defendants"), on the other hand.

WHEREAS, Plaintiffs allege that they worked for Defendants as employees; and

WHEREAS, a dispute has arisen regarding Plaintiffs' alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No: 17-cv-05579-ER (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal and state wage and hour and overtime laws; and

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiffs, subject to the terms and conditions of this Agreement, and as full, complete, and final settlement and final satisfaction of any and all claims or potential claims Plaintiffs may have against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiffs, the gross sum of Fifteen Thousand Dollars and Zero Cents (**$15,000.00**) (the "Settlement Amount") to be paid to Plaintiffs' attorneys, as follows:

The first payment will be Seven Thousand Five Hundred and Zero Cents ($7,500.00) for immediate deposit Thirty Days (30) after court approval of the settlement agreement, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

     (a)     Installment One: A check in the amount of Two Thousand Five Hundred and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Sixty days (60) after court approval, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

     (b)     Installment Two: A check in the amount of Two Thousand Five Hundred and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit Ninety days (90) after court approval, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

     (c)     Installment Three: A check in the amount of Two Thousand Five Hundred and Zero Cents ($2,500.00) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiffs", for immediate deposit One Hundred and Twenty days (120) after court approval, delivered to Plaintiffs' counsel. Determination of the Plaintiffs' share, counsel fees, and costs, is the responsibility solely of the Plaintiffs and their counsel.

Within thirty days of this Agreement being approved by the Court, the checks/payments set forth above shall be delivered to the office of Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510, New York, NY 10165. Failure to deliver said checks/payments shall constitute a default under the Agreement.

2(a).     Concurrently with the execution of this Agreement, Defendants Thai Num Soup Inc. and Wachara Nittayarot (a.k.a. Jaki), shall each execute and deliver to Plaintiffs' counsel confessions of judgment ("Confessions of Judgment") in the form annexed hereto as Exhibits A and B, respectively. The Parties hereby acknowledge and agree that the Confessions of Judgments will be held in escrow by Plaintiffs' counsel, and will not be entered and/or filed at any time other than (i) in the event that the Defendants fail to make any of the installment payments as set forth above, i.e., one of the postdated checks fails to clear Plaintiffs' counsel's escrow account, or Defendants fail to deliver the payments to Plaintiffs' counsel within five days of the Court approving the Agreement, and (ii) Defendants fail to cure such default within ten (10) business days of receipt of written notice (to be delivered to Defendants by first class mail via their counsel, Joey Tsai, Esq., at 535 5th Avenue, 4th Floor, New York, New York 10017. Any such Notice of Default shall be deemed received five (5) days after it is mailed.

     3.     <u>Release and Covenant Not To Sue</u>: Plaintiffs hereby irrevocably and unconditionally releases from and forever discharges and covenant not to sue Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers any and all charges, complaints, claims, causes of action, suits, debts, liens, contracts, rights, demands, controversies, losses, costs and or expenses, including legal fees and any other liabilities of any kind or nature whatsoever, known or unknown, suspected or unsuspected, whether fixed or contingent (hereinafter referred to as "claim"

or "claims") which each Plaintiffs at any time has, had, claims or claimed to have against Defendants relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement. Similarly, Defendants release and discharge Plaintiffs from any and all known claims, and liabilities of any kind that they have, had or claimed to have against Plaintiffs relating specifically to the claims in the Litigation that have occurred as of the Effective Date of this Agreement.

3.      <u>No Admission of Wrongdoing</u>: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

4.      <u>Modification of the Agreement</u>:  This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiffs and Defendants.

5.      <u>Acknowledgments</u>: Plaintiffs and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. They further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

6.      <u>Notices</u>:       Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and electronic transmission thereof.  Notice hereunder shall be delivered to:

To Plaintiffs:

Michael Faillace, Esq.
**MICHAEL FAILLACE & ASSOCIATES, P.C.**
60 East 42nd St. Suite 4510
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

Joey Tsai, Esq.
**TSAI PLLC**
535 5th Ave., 4th Fl.
New York, NY 10017
646-829-9001
Fax: 646-829-9002
Email: jtsai@tsaipllc.com

7.      <u>Governing Law</u>:  This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof.  The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern

District of New York and the Supreme Court of the State of New York in any subsequent proceeding to enforce this Agreement.

8.    <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiffs agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

9.    <u>Release Notification</u>:  Defendants advised Plaintiffs to discuss the terms of this Agreement and release of claims with their legal counsel and Plaintiffs acknowledge that they have consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiffs acknowledge that it is their choice to waive any potential claims in return for the benefits set forth herein and that each of them made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys.  Plaintiffs confirm that this Settlement Agreement and Release has been translated to them in Spanish and that they understand the terms of this Agreement and that they are signing this Agreement voluntarily.

10.    <u>Counterparts</u>:  To signify their agreement to the terms of this Agreement and Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below.  This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.  This agreement may also be executed by facsimile transmission.


<u>PLAINTIFFS:</u>

By: _____        Date: 2/26/18
    Alberto Pareja

By: _____        Date: 2/26/18
    Lorenzo Espindola

By: _____        Date: 2/26/18
    Rigoberto Juarez Galindo

By: _____

Thai Num Soup, Inc.

Date: _03/02/2018_

*Individual Defendant*

By: _____

Wachara Nittayarot

Date: _03/02/2018_

**NAWAZ SANY**
**NOTARY PUBLIC, STATE OF NEW YORK**
**01NA6359772**
**QUALIFIED IN BRONX COUNTY**
**COMMISSION EXPIRES JUNE 5, 2021**

03/02/2018

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALBERTO PAREJA, LORENZO ESPINDOLA,     :
and RIGOBERTO JUAREZ GALINDO, *individually* :
*and on behalf of others similarly situated,*     :     Index No.: 17-cv-05779

                                 :

                 *Plaintiffs,*     :

                                 :     **AFFIDAVIT OF CONFESSION OF**

        -against-     :     **JUDGMENT**

                                 :

THAI NUM SOUP INC. (d/b/a THAI SOUP) and :
WACHARA NITTAYAROT (A.K.A. JAKI),     :

                                 :

                 *Defendants.*     :

                                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK   )
                   : ss.:
COUNTY OF    NY   )

1.    I WACHARA NITTAYAROT, reside in  \_\_NY\_\_  County.

2.    I am the President Thai Num Soup Inc. (d/b/a Thai Soup). I am duly authorized to make this affidavit of confession of judgment on behalf of Thai Num Soup Inc. (d/b/a Thai Soup)

3.    Thai Num Soup Inc. (d/b/a Thai Soup), maintains its principal place of business in New York County at 166 E. 118th Street, New York, New York 10035.

4.    Pursuant to the terms of the Settlement Agreement and Release by and between Alberto Pareja, Lorenzo Espindola and Rigoberto Juarez Galindo (each a "Plaintiff" and collectively, "Plaintiffs") and Thai Num Soup Inc. (d/b/a Thai Soup) and Wachara Nittayarot (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against Thai Num Soup Inc. (d/b/a Thai Soup) in favor of Plaintiffs for the sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less any payments made under the Settlement Agreement.

5.    This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000.00 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00.

6.    This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

7.    I hereby represent my understanding that upon Defendants' breach of the Settlement

Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $15,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against Thai Num Soup Inc. (d/b/a Thai Soup)

Thai Num Soup Inc. (d/b/a Thai Soup)

By: _____

WACHARA NITTAYAROT
Title: President

STATE OF _____N Y_____ )
: ss.:

On _02, March_, 2018 before me personally came _Wachara Nittayarot_ to me known, who, by me duly sworn, did depose and say that deponent resides at _New York_, that deponent is the President of Thai Num Soup, Inc. the party described herein, and that deponent executed the foregoing Affidavit of Confession of Judgment on behalf of Thai Num Soup, Inc. and was authorized to do so.

_____

Notary Public

NAWAZ SANY
NOTARY PUBLIC, STATE OF NEW YORK
01NA6359772
QUALIFIED IN BRONX COUNTY
COMMISSION EXPIRES JUNE 5, 2021

03/02/2018

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ALBERTO PAREJA, LORENZO ESPINDOLA,      :
and RIGOBERTO JUAREZ GALINDO, *individually* :
*and on behalf of others similarly situated,*      :      Index No.: 17-cv-5579-ER
                                                   :
                                                   :
                    *Plaintiffs,*                  :      **AFFIDAVIT OF CONFESSION OF**
                                                   :      **JUDGMENT**
            -against-                              :
                                                   :
THAI NUM SOUP INC. (d/b/a THAI SOUP) and  :
WACHARA NITTAYAROT (A.K.A. JAKI),         :
                                                   :
                    *Defendants.*                  :
                                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF    N Y       )

1.      I, WACHARA NITTAYAROT, reside in __N Y__ County.

2.      Pursuant to the terms of the Settlement Agreement and Release by and between Alberto Pareja, Lorenzo Espindola, and Rigoberto Juarez Galindo (each a "Plaintiff" and collectively, "Plaintiffs") Thai Num Soup Inc. (d/b/a Thai Soup) and Wachara Nittayarot (each a "Defendant" and collectively, "Defendants"), to which this Affidavit is annexed, I hereby confess judgment and authorize entry thereof against me individually and in favor of Plaintiffs for the sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less any payments made under the Settlement Agreement.

3.      This affidavit of confession of judgment is for a debt justly due to Plaintiffs under the terms of the Settlement Agreement, to which this Affidavit is annexed, which provides that Defendants are to submit a total sum of $15,000 to Plaintiffs. The amount of this affidavit of confession of judgment represents the settlement amount of $15,000.00

4.      This affidavit is made upon good and valuable consideration, the sufficiency of which I acknowledge on behalf of Defendants, including, without limitation, the terms and provisions of the Settlement Agreement.

5.      I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered in the Supreme Court of the State of New York as a judgment for $15,000.00 (less any amounts already paid to Plaintiffs pursuant to the above schedule), against me, WACHARA NITTAYAROT

**NAWAZ SANY**
**NOTARY PUBLIC, STATE OF NEW YORK**
**01NA6369772**
**QUALIFIED IN BRONX COUNTY**
**COMMISSION EXPIRES JUNE 5, 2021**

Wachara Nittayarot
03/02/2018

WACHARA NITTAYAROT

Sworn to before me this
02 day of March 2017

Notary Public

**NAWAZ SANY**
**NOTARY PUBLIC, STATE OF NEW YORK**
**01NA6359772**
**QUALIFIED IN BRONX COUNTY**
**COMMISSION EXPIRES JUNE 8, 2021**

03/02/2018