USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 7/3/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALBERTO PAREJA, LORENZO ESPINDOLA,
and RIGOBERTO JUAREZ GALINDO,

                Plaintiffs,

– against –

THAI NUM SOUP INC. and WACHARA
NITTAYAROT,

                Defendants.

**ORDER**

17 Civ. 5579 (ER)

Ramos, D.J.

On July 21, 2017, Alberto Pareja ("Pareja"), Lorenzo Espindola ("Espindola"), and Rigoberto Juarez Galindo ("Galindo") (collectively, "Plaintiffs") brought this action under the Fair Labor Standards Act ("FLSA"), 9 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), § 190 *et seq.* *See* Compl. (Doc. 1). On June 28, 2018, the parties submitted an application for the Court to approve a settlement agreement resolving all claims. *See* Doc. 17.

In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). For the reasons discussed below, the Court approves the Agreement.

"In order to evaluate the fairness of a proposed settlement, the parties must provide the court with enough information to evaluate 'the bona fides of the dispute.'" *Gaspar v. Pers.*

*Touch Moving, Inc.*, No. 13 Civ. 8187 (AJN), 2015 WL 7871036, at *2 (S.D.N.Y. Dec. 3, 2015). The Court's inquiry into the substantive reasonableness of a FLSA settlement requires the parties to submit, among other things, a comparison of Plaintiff's range of possible damages with the final settlement amount, and an explanation of the case-specific litigation risks and other factors that justify the discrepancy between the potential value of Plaintiff's claims and the settlement amount, if any. *See, e.g.*, *Jesus v. PS Bros. Gourmet*, No. 15 Civ. 99 (WHP), 2015 WL 9809999, at *1 (S.D.N.Y. Dec. 18, 2015) (approving FLSA settlement where plaintiff submitted "a detailed breakdown of the total damages assessed for minimum wage, overtime, and spread-of-hours violations; New York and federal liquidated damages; interest; and pay stub violation"); *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007 (VSB), 2015 WL 9161791, at *1 (S.D.N.Y. Dec. 14, 2015) (approving settlement after parties "submitted a letter detailing why they believe the settlement reached in this action, and the contemplated attorney's fees, are fair and reasonable").

Here, the total settlement amount is $15,000. *See* Doc. 17 Ex. A ¶ 1. Of that amount, Plaintiffs will receive $10,000, to be split proportionately based on Plaintiff's damages calculations. *Id.*; *see* also Doc. 17 at 2 ("Plaintiffs will recover proportionally to their estimated recovery in Exhibit B."). That figure appears to represent just under half of their unpaid wages and liquidated damages. *Id.* Ex. B. Plaintiffs explained in their letter that the parties are sharply divided on the merits issues in this case and that it is unclear whether Defendants could withstand a more significant judgment. Doc. 17 at 2. Thus, the Court is satisfied that the parties have adequately justified the dollar amounts constituting the settlement. *See Beckert*, 2015 WL 8773460, at *2 (finding settlement equal to 25% of maximum possible recovery sufficient).

The remaining $5,000 will be paid to Plaintiffs' counsel, Michael Faillace & Associates P.C.. *See* Doc. 17 at 2. This figure is inclusive of attorney's fees and costs. *Id.* The Court also

concludes that the attorneys' fees, which represent one-third of the settlement, is reasonable and supported by counsels' billing records, which detail the type of work performed and the hours logged by each attorney. Doc. 17 Ex. B (billing records); *see Najera v. Royal Bedding Co., LLC*, No. 13 Civ. 1767 (NGG) (MDG), 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) ("one-third contingency fees . . . are commonly accepted in the Second Circuit in FLSA cases"); *Garcia v. Jambox, Inc.*, No. 14 Civ. 3504 (MHD), 2015 WL 2359502, at *6 (S.D.N.Y. Apr. 27, 2015) ("In this circuit, a proper fee request entails submitting contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done. That requirement extends to parties seeking approval of a settlement that allocates a portion of the proceeds to the attorney.").

The reasonableness of counsel's fee is also supported by cross-reference the lodestar method. The lodestar is the "product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13 Civ. 6667, 2015 WL 5122530, at *2 (S.D.N.Y. Aug. 31, 2015) (quoting *Stanczyk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014)). Here, the billing records show approximately 5.75 hours of work done by the managing member of the firm (billed at a rate of $450 per hour) and 9.5 hours of work done by an experienced associate (billed at a rate of $375 per hour). That rate is within the range of reasonable hourly rates for similarly experienced attorneys. *See Redzepagic v. Hammer*, No. 14 Civ. 9808 (ER), 2017 WL 1951865, at *2 n.2 (S.D.N.Y. May 8, 2017) (approving a billing rate of $500 per hour for a named partner); *Jean v. Auto & Tire Spot Corp.*, No. 09–CV–5394, 2013 WL 2322834, at *6 (E.D.N.Y. May 28, 2013) (finding that rates for "experienced attorneys handling FLSA cases . . . usually range from $300 to $400 per hour"). The Court is therefore satisfied with the billing rates and the number of

hours spent on each task. The lodestar amount, calculated at those rates, is $5,962.50 ($6,462.50 inclusive of costs). Doc. 17 Ex. B. This is higher than the requested attorneys' fees amount of $5,000. Based on the information provided, the Court concludes that the requested attorneys' fees and costs are objectively reasonable.

Finally, the Court finds that the Agreement itself passes *Cheeks*' scrutiny, as its release provision is narrowly tailored to the claims at issue in the litigation and the Agreement does not contain any restrictive confidentiality or future employment clauses. *See* Doc. 17 Ex. A ¶ 3.

Accordingly, the parties' request for approval of the proposed settlement is GRANTED. It is SO ORDERED.

Dated: July 3, 2018
      New York, New York

                                                          Edgardo Ramos, U.S.D.J.
                                                          United States District Judge